# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YESSENIA CABRERA-DIAZ and L.D.,

    Plaintiffs,

    v.

PENN KIDDER CAMPUS JIM THORPE AREA SCHOOL DISTRICT, et al.,

    Defendants.

CIVIL ACTION NO. 3:08-CV-2192

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is the report and recommendation of Magistrate Judge Malachy Mannion. (Doc. 26.) It recommends granting the defendants' motion for summary judgment, (Doc. 22), in full. The plaintiffs object to the report and recommendation. For the reasons explained below, the report and recommendation will be adopted and summary judgment granted in favor of the defendants.

## **I. Background**

The facts of this case are described fully in the magistrate judge's report. The plaintiffs do not point out any specific error with the magistrate judge's recitation of the facts,[1] so they are assumed to correctly state the facts in evidence in the light most favorable to the plaintiffs. Briefly, L.D. and Cabrera-Diaz (mother of minor child L.D.) filed this action against

---

[1] In their objections, the plaintiffs assert that the magistrate judge erred in "determining the threat to call police did not occur." The magistrate judge found no such thing; his report notes that L.D. told her mother that the principal would call the police if she did not return to school with a completed assignment. (Doc. 26 at 7.) The magistrate judge did note that the principal denies making this statement; but on summary judgment the facts are viewed in the light most favorable to the non-movant.

1

Jim Thorpe Area School District, a teacher, and a principal at the school L.D. attended. The plaintiffs brought various discrimination, hostile environment, and retaliation claims against the defendants based on alleged actions taken against L.D. while she was a student. The defendants move for summary judgment, and the magistrate judge's report recommends that summary judgment be granted. The plaintiffs object to the report and recommendation.

## II. Discussion

### A. Legal Standard for Reviewing a Magistrate Judge's Report

Where objections to the magistrate judge's report are filed, the court must conduct a de novo review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7. Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

### B. Legal Standard for Summary Judgment

Summary judgment is appropriate "if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id.* Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* 2D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the court that "the nonmoving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to

refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256–57. The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**C. The Objections Do Not Merit De Novo Review of the Entire Record**

In their brief opposing the plaintiffs' objections to the report and recommendation, the defendants argue that because the plaintiffs fail to specifically object to the report and recommendation, de novo review is not triggered. They are correct.

Under 28 U.S.C. § 636(b)(1), within fourteen days after being served with a copy of a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made." (emphasis added). To trigger de novo review, the objections must be both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6 (3d Cir. 1984). As the Third Circuit has noted:

> We are satisfied that providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process.

Goney, 749 F.2d at 7 (citing H.R. rep. No. 1609, 94th Cong., 2d Sess. 4–8, *reprinted in* 1976 U.S.C.C.A.N. 6162, 6164–68). Here, the plaintiffs object to each issue in broad terms: "the magistrate judge erred in determining that there was no gender discrimination" is one such

4

example. What the plaintiffs fail to do is explain with the requisite level of specificity *why* the magistrate judge erred.

To effectively object to conclusions concerning facts, the objecting party should point to the relevant facts that were overlooked or misstated by the magistrate judge. Because the plaintiffs fail to do so, the facts as stated in the report will be assumed to accurately describe the facts as viewed in the light most favorable to the plaintiffs, and the Court will review for clear error.

To effectively object to the report's legal conclusions, the objecting party should explain why the cases or statutes the magistrate judge relies on are inapt or do not control. The objecting party should point out why the magistrate judge misapprehends cited law. The party should then cite to the law it believes to control, but should not stop there. The party should describe why—when applied to the facts of its case—this law dictates a different outcome.

The plaintiffs have failed to do this. They make the same arguments that were presented to the magistrate judge. Thus, de novo review is not required. *See Ngheim v. Kerestes*, No. 08-4224, 2009 WL 960046, at *1 (E.D. Pa. Apr. 3, 2009) ("Petitioner merely re-articulates all his claims and theories for relief, which were addressed and dismissed by [the magistrate judge] . . . [t]hus, the Court will not engage in any additional review as it would be duplicative.") (citing *Sanford v. Principi*, No. 00-502, 2002 WL 32334396, at *1 (S.D.W. Va. Sept. 26, 2002) (stating that objections that fail to direct the district court to any specific error by the magistrate judge do not trigger de novo review because such objections "prevent[ ] the district court from focusing on disputed issues and thus render[ ] the initial referral to the magistrate judge useless."), *aff'd*, 60 F. App'x 473 (4th Cir. Apr. 1, 2003)).

Nevertheless, the Court will review the legal conclusions of the magistrate judge de novo, and the remainder of the report for clear error and manifest injustice.

**D. Title IX Hostile Environment and Retaliation Claims**

The magistrate judge correctly determined that persons acting in their individual capacities cannot be liable for discrimination under Title IX, and that therefore summary judgment in favor of the individual defendants on that claim was proper.

The magistrate judge also correctly determined that, when the facts are viewed in the light most favorable to plaintiffs, no reasonable factfinder could find for plainitffs on the hostile environment claim.

Under Title IX, to establish a prima facie case for hostile environment harassment, a plaintiff must produce evidence showing that the educational environment was "permeated with discriminatory intimidation, ridicule and insult that [was] sufficiently severe or pervasive to alter the conditions" of the education and create a sexually hostile environment. *See Harris v. Forklift* Systems, Inc., 510 U.S. 17, 21 (1993); *Franklin v. Gwinnett County Public Sch.*, 503 U.S. 60, 73–76 (1992) (relying on Title VII law to analyze Title IX hostile environment claims and stating that same rule should apply when a teacher sexually harasses a student as applies when a supervisor sexually harasses a subordinate under Title VII). The adverse actions must be based on sex. *Frazier v. Fairhaven Sch. Comm.*, 276 F. 3d 52, 66 (1st Cir. 2002).

Here, the minor child was allegedly subjected to several discrete, relatively minor, incidents spanning four years. A reasonable inference cannot be made that L.D.'s treatment was based on sex. As a matter of law, no reasonable trier of fact could find that they

6

amounted to an environment "permeated" with discriminatory intimidation. Thus, the plaintiffs' hostile environment claim fails.

Likewise, the Title IX retaliation claim also fails. A prima facie case of retaliation is established when a plaintiff shows (1) she was engaged in protected activity; (2) the plaintiff experienced a materially adverse action after or contemporaneously with the protected activity; and (3) a causal link exists between the protected activity and the adverse action. *Weston v. Pennsylvania*, 251 F.3d 420, 430 (3d Cir. 2001).

A protected activity includes complaints of sexual discrimination to school authorities. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 523, 68 (2006). "[N]ot every complaint about unfair practices or perceived slights qualif[ies] as 'protected activity.'" *Isler v. Keystone Sch. Dist.*, Civ. A. No. 07-1335, 2008 WL 3540603, at *9 (W.D. Pa. Aug. 12, 2008), *aff'd*, 335 F. App'x 200 (3d Cir. 2009). The complaint "must at a minimum convey the speaker's express or implicit protest of discriminatory practices that violate the federal anti-discrimination statutes." *Id.*, at *10. "A general complaint of unfair treatment is insufficient to establish protected activity." *Curay-Cramer v. Ursuline Academy of Wilmington, DE, Inc.*, 450 F.3d 130, 135 (3d Cir. 2006).

Here, there is no evidence that any protected activity was engaged in; Ms. Cabrea-Diaz testified that she never complained about any type of discrimination. She simply had "general complaints" that do not amount to protected activity. Thus, the retaliation claim fails.

**E. Section 504 Hostile Environment and Retaliation Claims**

The magistrate judge correctly held that the individual defendants cannot be liable under the Rehabilitation Act, because they do not receive federal financial assistance. *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002). Thus, summary judgment is

proper.

The Section 504 hostile environment claim fails for the same reason the Title IX hostile environment claim did: no reasonable factfinder could find that the totality of the circumstances, viewed in the light most favorable to the plaintiffs, rose to the level of a hostile environment. Moreover, the circumstances do not allow a reasonable inference of discrimination on the basis of the child's disability.

Likewise, the Section 504 retaliation claim fails for the same reason the title IX retaliation claim fails: there is no evidence that the plaintiffs engaged in protected activity. Instead, general complaints were made that no reasonable person could view as involving discrimination based on disability.

**F. Section 1981 Hostile Environment and Retaliation Claims**

The magistrate judge correctly held that the plaintiffs' 42 U.S.C. §1981 claim must be dismissed, because 42 U.S.C. §1983 provides the exclusive federal remedy for violation of rights guaranteed in § 1981 by state governmental units and state actors. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989); *McGovern v. Philadelphia*, 554 F.3d 114 (3d Cir. 2009). Additionally, no intentional discrimination has been shown.

**G. Section 1983 Claims**

The magistrate judge correctly held that Section 1983 is unavailable to vindicate a violation of rights under Section 504. *See A.W. v. Jersey City Public Schools*, 486 F.3d 791, 805–06 (3d Cir. 2007). The magistrate judge also correctly noted that where no discriminatory policy, pattern, or practice of intentional discrimination is in evidence, summary judgment on behalf of the school district is appropriate; the plaintiffs do not point to evidence of such a practice in their objections. Thus, summary judgment on this claim is

proper. With respect to the individual defendants, the magistrate judge also correctly explained that because vicarious liability does not attach in a § 1983 lawsuit, the only relevant incidents are those the individual defendants were personally involved in. The magistrate judge then correctly held that these incidents, viewed in the light most favorable to the plaintiffs, do not give rise to any discrimination or hostile environment claim against the individual defendants.

**H. Retaliation Claims**

The magistrate judge found that there was no indication that the plaintiffs engaged in protected activity, and properly held that summary judgment was therefore appropriate on these claims.

### III. Conclusion

For the reasons explained above, the magistrate judge did not err in recommending that summary judgment be granted. Thus, the magistrate judge's report and recommendation will be adopted, and summary judgment will be granted in favor of the defendants. An appropriate order follows.

February 11, 2011  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YESSENIA CABRERA-DIAZ and L.D., | |
| Plaintiffs, | NO. 3:08-CV-2192 |
| v. | (JUDGE CAPUTO) |
| PENN KIDDER CAMPUS JIM THORPE AREA SCHOOL DISTRICT, et al., | |
| Defendants. | |

## ORDER

**NOW**, this 11th day of February, 2011, **IT IS HEREBY ORDERED** that:

(1) The report and recommendation (Doc. 26) is **ADOPTED**.

(2) The defendants' motion for summary judgment (Doc. 14) is **GRANTED**.

(2) Judgment shall be entered in favor of the defendants and against the plaintiffs.

(3) The clerk of court is directed to mark this matter **CLOSED**.


/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge